UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARSHALL ALLEN COATS,

Plaintiff,

v.

MADELEINE WILLIAMSON,

Defendant.

Case No. 2:26-cv-03145-JNW-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

Before the Court is plaintiff's application to proceed in forma pauperis and a proposed 42 U.S.C. § 1983 complaint. However, there appears to be a deficiency in plaintiff's proposed complaint. Namely, plaintiff seems to name a defendant who was not acting under the color of state law as is required under 42 U.S.C. § 1983. Thus, the Court will not direct service of the complaint at this time. **On or before December 10, 2026**, plaintiff must either show cause why this case should not be dismissed or file an amended complaint.

## I. DISCUSSION

The Court must screen any § 1983 complaint, and dismiss "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*,

745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). A pro se complaint must be held “to less stringent standards than formal pleadings drafted by lawyers”. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court is required to look past stylistic imprecision, disorganized presentation, and failure to cite specific laws, focusing instead on whether the substance of the factual allegations, generously read, states a viable claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the obligation extends to reading pro se filings holistically, including attached grievance documents and supplemental filings, as part of the pleading).

A complaint must contain “enough factual matter, accepted as true, to suggest” the elements of the claim, facts sufficient to “state a claim to relief that is plausible on its face,” not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it “must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal.” *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). On the other hand, leave to amend need not be granted “where the amendment would be futile . . . or where the amended complaint would be subject to dismissal.” *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Under Section 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) that the violation was proximately caused by a person acting *under color of state law. Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A Section 1983 action can only be brought against a state actor or official, and generally not against private persons such as prisoners. *See, e.g.*, *Sabir v. Burke*, No. 25-cv-08369-WHO (PR), 2026 WL 297976, at *2 (N.D. Cal. Feb. 4, 2026) (citing *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001)) ("He names various prisoners as defendants, but prisoners are not state actors and cannot be defendants in a 42 U.S.C. § 1983 action unless there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself.").

Here, plaintiff lists the Airway Heights Corrections Center as his address. Dkt. 1-1 at 2. For the named defendant, plaintiff also lists the Airway Heights Corrections Center's address. Dkt. 1-1 at 3. Plaintiff also lists numerous roles for defendant, none of which suggest defendant was acting under the color of state law.

The body of plaintiff's proposed complaint alleges defendant has committed numerous actions against plaintiff and others. But the complaint lacks any allegations of fact that would show defendant was acting under color of state law. And, construing liberally the facts that are alleged in the complaint, it appears defendant is a private citizen, or potentially another individual housed at Airway Heights Corrections Center.

As explained above, a lawsuit under 42 U.S.C. § 1983 may only be brought against persons acting *under color of state law*, including state officials such as a corrections officer.

## II. CONCLUSION

Because of the deficiencies in this complaint, the Court will not serve the complaint on defendant(s) at this time. If plaintiff intends to pursue this matter, he must either file a document and tell the Court (show cause) why this case should not be dismissed, or file an amended complaint **on or before December 10, 2026**.

If plaintiff submits an amended complaint, he must do so on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the problems discussed in this Order, the Court may recommend to District Judge Jamal Whitehead that the Court should dismiss this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order, and the Pro Se Information Sheet.

Dated this 10th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge